UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Xiao Ye Bai,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>Jeremy Bean, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-00152-APG-DJA<br><br>**Order** |

　　　Pro se Plaintiff Xiao Ye Bai is an inmate in the custody of the Nevada Department of Corrections. He moves for the Court to appoint the Federal Public Defender's Office ("FPD") as his counsel (ECF No. 15) and to file an exhibit under seal (ECF No. 22). Defendants Jeremy Bean, Jaymie Cabrera, Glenn Fowler, Kristopher Ledingham, Patrick Moreda, Thurston Moore, and Julie Williams move to stay discovery pending the Court's resolution of their motion for summary judgment. (ECF No. 27). Because the Court finds that Plaintiff has not shown exceptional circumstances, it denies his motion for appointment of counsel without prejudice. Because the Court finds that Plaintiff has not shown compelling reasons to seal the exhibit at issue, the Court denies Plaintiff's motion to seal. Because the Court finds that Defendants have shown good cause, and because Plaintiff does not oppose the stay, the Court grants Defendants' motion to stay discovery.

**I.　　Plaintiff's motion for appointment of counsel.**

　　　There is no constitutional right to appointed counsel in civil cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) ("There is normally . . . no constitutional right to counsel in a civil case."). Courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether the "exceptional

circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Neither of the two factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. A court may find that "exceptional circumstances" exist if a claim is either factually or legally complex. *See, e.g.*, *McElyea v. Babbitt*, 833 F.2d 196, 200 n.3 (9th Cir. 1987) (per curiam) (suggesting that a plaintiff's claim concerning the provision of religious books in prison raises "complicated constitutional issues"). The District of Nevada's decision in *Kern v. Henry* stands for the proposition that if a case proceeds beyond summary judgment and to trial, the court may consider the complexity of preparing for trial to constitute exceptional circumstances. *See Kern v. Henry*, No. 2:13-cv-02227-RFB-NJK, 2017 U.S. Dist. LEXIS 62435, at *2-3 (D. Nev. Apr. 24, 2017).

Here, Plaintiff has not shown exceptional circumstances to justify appointing counsel at this stage. Regarding the likelihood of success on the merits, while certain of Plaintiff's claims have passed screening, his case is still at its early stages. And thus far, Plaintiff has been capable of articulating his claims pro se. Additionally, Plaintiff predominantly argues that the Court should appoint the FPD to represent him because the FPD represents him in certain of his other cases. Plaintiff also suggests that the FPD would be willing to represent him in this case too. But just because Plaintiff has representation in other cases that are also related to the conditions of his confinement does not automatically entitle him to representation here. This is particularly true because, although Plaintiff's case may become too complex for him to litigate as it progresses, at this stage, Plaintiff has shown that he is capable of articulating his claims. Indeed, Plaintiff has capably responded to Defendant's motion for summary judgment and motion to stay discovery. So, the Court denies Plaintiff's motion for appointment of counsel without prejudice. If Plaintiff's case proceeds beyond the motion for summary judgment stage, he may renew his motion.

**II.     Plaintiff's motion to seal.**

Plaintiff moves to seal Exhibit B to his motion for summary judgment,[1] which he asserts contains NDOC staff members' declarations. (ECF No. 22). Plaintiff argues that the Court should seal the declarations because they contain the staff's "personal information" and address "Plaintiff's relevant medical condition." Plaintiff adds that sealing the document would protect him and NDOC staff from potential retaliation from other inmates and from Defendants.

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). A party seeking to seal judicial records attached to motions more than tangentially related to the merits of the case must meet the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101. If the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture. *Kamakana*, 447 F.3d 1178-79.

The Court does not find that Plaintiff has demonstrated compelling reasons to seal Exhibit B to his motion for summary judgment, which motion is more than tangentially related to the merits of his case. As a preliminary matter, Plaintiff has not filed that exhibit under seal and it is already on the public docket. But even if Plaintiff had filed this information under seal, the Court would not find that Plaintiff has shown compelling reasons to keep it under seal. Plaintiff only vaguely refers to the NDOC staff's personal information and his relevant medical condition without providing specific information about why that particular information should be sealed. And it is not clear to the Court that the records reveal anything sufficiently personal or reveal medical information that is not already part of the record in this case such that they should be

---

[1] In his motion, Plaintiff simply refers to "Exhibit B." However, it appears that he is referring to Exhibit B to his motion for summary judgment given the timing of Plaintiff's motion to seal and the content of Exhibit B to Plaintiff's motion for summary judgment. So, the Court liberally construes his motion as referring to Exhibit B to his response to Defendants' motion for summary judgment. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[a] document filed *pro se* is to be liberally construed") (internal citations and quotations omitted).

sealed. Similarly, Plaintiff's vague reference to retaliation is not sufficient to show compelling reasons to seal these documents. Without more specificity, the Court cannot articulate compelling reasons to seal the documents without relying on hypothesis or conjecture. So, the Court denies Plaintiff's motion to seal.

### III. Defendants' motion to stay discovery.

Defendants move to stay discovery pending the Court's decision on their motion for summary judgment. (ECF No. 27). Defendants explain that the Court can decide their motion without any further discovery. They add that they bring their motion on exhaustion grounds and so, they assert that there is good cause to avoid conducting discovery on these claims if the Court ultimately finds that Plaintiff has not exhausted his administrative remedies for them. In response, Plaintiff agrees with staying discovery, asserting that he would be better able to conduct discovery through an attorney. (ECF No. 27).

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). A court may, however, stay discovery under Federal Rule of Civil Procedure 26(c). Fed. R. Civ. P. 26(c)(1); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (affirming stay of discovery under Rule 26(c)). The standard for staying discovery under Rule 26(c) is good cause. Fed. R. Civ. P. 26(c)(1) (the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery or specifying when it will occur).

This Court employs the "good cause" test as articulated in *Schrader v. Wynn* when deciding motions to stay discovery. *See Schrader v. Wynn*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *3-4 (D. Nev. Oct. 14, 2021). Under that test, the Court may grant motions to stay discovery when a dispositive motion is pending if (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id.* Ultimately, guided by Rule 1 of the Federal Rules of Civil Procedure, the Court is trying to determine "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to

accomplish the inexpensive determination of the case." *Id.* (citing *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011)).

Here, the Court finds that Defendants have shown good cause to stay discovery. As they point out, the Court can decide their motion for summary judgment without further discovery. Additionally, Defendants have shown good cause to stay discovery because their motion for summary judgment raises the preliminary issue of exhaustion, which could limit the issues on which the parties ultimately conduct discovery. Additionally, Plaintiff agrees to the stay. And while the Court has denied Plaintiff's motion for appointment of counsel at this stage, it has given him leave to re-raise that motion after the Court decides the motion for summary judgment. So, the Court finds that it would be more just for both Plaintiff and Defendants to delay discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 15) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to seal (ECF No. 22) is **denied.**

**IT IS FURTHER ORDERED** that Defendants' motion to stay discovery (ECF No. 27) is **granted.** The parties must file a stipulation to reopen discovery and reset any necessary discovery deadlines within thirty days after the Court's ruling on Defendants' motion for summary judgment. The Clerk of Court is kindly directed to send a copy of this order to Plaintiff.

DATED: June 4, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE